## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **BRANDON FREEMAN** | § | |
| | § | **CIVIL ACTION NO.** |
| *Plaintiff,* | § | **4:21-cv-03305** |
| | § | |
| **VS.** | § | |
| | § | **JUDGE GEORGE C. HANKS, JR.** |
| **NOBLE DRILLING (US), LLC,** | § | |
| **ET AL.** | § | |
| | § | **MAGISTRATE JUDGE ANDREW** |
| *Defendants.* | § | **EDISON** |

## OPPOSITION TO MOTION TO REMAND

Shell Oil Company and Shell Offshore Inc. (collectively "Shell") oppose the Plaintiffs' motion to remand on the grounds that removal of this case under the Outer Continental Shelf Lands Act ("OCSLA") does not require that a drillship be physically connected to the seafloor at the time an alleged injury arises. Because the Plaintiffs' claims would not have arisen "but for" the develop of minerals on the Outer Continental Shelf under Fifth Circuit analysis, all claims asserted by the Plaintiffs that are governed by OCSLA are properly before this Court. Furthermore, because the Plaintiffs' petitions include nothing more than conclusory allegations against Shell under the Jones Act, the Fifth Circuit instructs district courts to disregard such allegations in a remand context. For these reasons, which are more fully discussed below, the Plaintiffs' motion to remand should be denied.

## I.    Undisputed Factual Background

This litigation arises from personal injuries allegedly sustained when the Plaintiffs were working aboard the drillship *Globetrotter II*, and the drillship attempted to avoid the path of Hurricane Ida in late August 2021.  *See* Rec. Doc. 6-1 (Plaintiffs' Third Amended Petition), pp. 67-68.  Prior to August 29, 2021, when the Plaintiffs allege they were injured, the *Globetrotter II* was a drillship performing completion operations on the Princess P-12 well in Mississippi Canyon Block 809, lease number G05868.  Exhibit 1 (Declaration of Matthew Cazalet), ¶ 3.  The Princess P-12 well is located on the Outer Continental Shelf in the Gulf of Mexico approximately 140 miles south/southeast of New Orleans, Louisiana. *Id.*  During these operations, the *Globetrotter II* was attached to the seafloor wellhead by a series of risers, a lower marine riser package, and a blowout preventer.  *Id.* at ¶ 4. The *Globetrotter II* ultimately unlatched from the wellhead and the blowout preventer on August 27, 2021, solely for the purpose of avoiding Hurricane Ida.  *Id.* at ¶ 5.

During the completion work and while evading the storm, Shell provided updates on the drillship's operations to the Bureau of Safety and Environmental Enforcement ("BSEE"), one of the federal agencies charged with authority to regulate offshore oil and gas activities through OCSLA.  *Id.* at ¶ 6; *see generally* 43 U.S.C. 1331-1356a.  Prior to departing the well location, a "Rig Movement Notification Report" was provided to BSEE informing it of the *Globetrotter II's* intent to depart the well location and evade the storm as necessary.  *Id.* at ¶ 7.  Additionally, a "Revised Permit to Modify (RPM)" was submitted to BSEE to confirm its verbal approval to temporarily abandon the well location due to the approaching storm.  *Id.* at ¶ 8. According to the RPM, the plan was for the drillship to

"(Return from storm abandonment) Move the rig over wellhead and latch LMRP to BOP" once the storm had passed. *Id.* at ¶ 9. Under these uncontested facts, in which the alleged injuries to the Plaintiffs would not have occurred but for the development of minerals on the Outer Continental Shelf, removal jurisdiction is satisfied, and the Plaintiffs' motion to remand must be denied.

## II.   "Situs" is Not Required to Establish OCSLA Jurisdiction under 43 U.S.C. § 1349

The Plaintiffs' contention that there is a "situs" requirement for removal jurisdiction under the Outer Continental Shelf Lands Act is contrary to well-established Fifth Circuit and Southern District of Texas caselaw. OSCLA grants subject matter jurisdiction to federal courts over cases "arising out of or in connection with" any operation involving the "development" of minerals on the Outer Continental Shelf. *See* 43 U.S.C. § 1349(b)(1)(A); *Texaco Expl. & Prod., Inc. v. AmClyde Engineered Prod. Co.*, 448 F.3d 760, 768 (5th Cir.), *amended on reh'g,* 453 F.3d 652 (5th Cir. 2006). The Fifth Circuit has interpreted § 1349 to require only a "but-for" connection with the development of minerals on the Outer Continental Shelf to establish OCSLA jurisdiction. *See In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014) (citing *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 350 (5th Cir. 1999); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 155 (5th Cir. 1996); *Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988)). The phrase "arising out of or in connection with" should also be applied broadly. *See EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 569 (5th Cir. 1994).

Contrary to the Plaintiffs' motion, an OCSLA "situs" is not required to satisfy the "but for" test that governs OCSLA jurisdiction under 43 U.S.C. § 1349. *See In re Deepwater Horizon*, 745 F.3d at 164 ("the Parishes contend that there is a situs requirement for OCSLA jurisdiction under the language of Section 1349. We disagree."). Indeed, the Fifth Circuit has found OCSLA jurisdiction was properly invoked in cases involving vessels *not attached* to the seafloor when the incident ultimately arose from an operation to develop minerals on the Outer Continental Shelf. *See AmClyde*, 448 F.3d at 768 (OCSLA jurisdiction over a heavy-lift derrick barge dropping a platform compliant tower in the Gulf of Mexico); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 155 (5th Cir. 1996) (OCSLA jurisdiction over an allision between ocean-going tug and a fixed platform) ("[t]he undeniable fact is that there would not have been an accident had Tennessee Gas not built its platform to extract minerals from the OCS.").

In the present case, the Plaintiffs' claims would not have arisen but for the *Globetrotter II's* operations to develop minerals on the OCS, and the Plaintiffs in their motion do not contend otherwise. The fact that the *Globetrotter II* was not attached to the seafloor at the time of the alleged injuries has no bearing on OCSLA jurisdiction. *See Hubbard* v. *Laborde Marine LLC*, 2014 WL 12776414 (E.D. La. 2014) (applying OCSLA jurisdiction to claims occurring to a vessel worker on a crewboat who had performed repair operations on an offshore platform).

Further, the Southern District of Texas has also explicitly rejected the Plaintiffs' situs argument, which relies on the older Fifth Circuit case of *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013). In *Sam v. Laborde Marine, L.L.C.*, No. 19-4041, 2020

WL 59633 (S.D. Tex. Jan. 6, 2020), the Court analyzed both *Barker* and the more recent *In re Deepwater Horizon* Fifth Circuit decisions and found both support federal question jurisdiction under OCSLA as follows:

> Barker and Deepwater Horizon's holdings on jurisdiction therefore do not conflict because Barker teaches only that claims governed by 1333's substantive law necessarily fall under OCSLA jurisdiction while Deepwater Horizon provides the broader test for OCSLA jurisdiction applicable in cases that may be governed by other substantive law. *Id.* at *2.

Ultimately, the district court determined that there was no situs requirement for OCSLA jurisdiction under 43 U.S.C. § 1349. *Id.* ("Because Plaintiff's motion only addresses jurisdiction, this court must follow the rule stated in Deepwater Horizon: OCSLA jurisdiction requires only a but-for connection with no situs requirement."). With the undisputed facts here illustrating that the Plaintiffs' claims would not have arisen "but for" the *Globetrotter II* performing completion operations on the Outer Continental Shelf, OCSLA jurisdiction is satisfied, and remand is unwarranted.

### III.   Remand of Purported Jones Act Claims Is Likewise Unwarranted

Noticeably absent from the Plaintiffs' petitions are any facts to support a Jones Act claim against Shell. As a general matter, claims against a Jones Act employer cannot be removed to federal court. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). Although the Jones Act permits a seaman to sue his or her employer for injuries that occur in the course of the seaman's employment, 46 U.S.C. §30104, the ten plaintiffs in this case have not alleged who their employer was when their alleged injuries took place,

much less any other facts to suggest that they qualify as Jones Act seamen.  *See Chandris v. Latsis*, 515 U.S. 347, 354 (1995) (Jones Act seamen must (1) "contribute to the function of the vessel or to the accomplishment of its mission" and (2) "have a connection to a vessel in navigation (or an identifiable group of such vessels) that is substantial in terms of both its duration and nature.").  All the Plaintiffs allege is that each is a "Jones Act seaman."  Rec. Doc. 6-1, p. 65.

Under these circumstances, the Fifth Circuit has held that remand of Jones Act claims "is not required where the complaint failed to allege sufficient facts to support a cause of action under the Jones Act."  *Addison v. Gulf Contacting Services, Inc.*, 744 F.2d 494, 498 (5th Cir. 1984).  Applying this straightforward principle, federal district courts deny motions to remand when a purported Jones Act plaintiff "does not identify his employer at the time of the accident or allege an employment relationship, which is a necessary element of a Jones Act claim."  *Simon v. M/V Lady Fortune*, 645 F. Supp. 618, 619 (M.D. La. 1986); *see also Preston v. Grant Advertising*, 375 F.2d 439, 441 (5th Cir. 1967) ("[t]he mere allegation in the motion to remand that the 'cause is predicated on the Jones Act' is not enough to require the district court to remand the case to state court").

The same result is warranted in the present case.  The Plaintiffs have made only conclusory allegations that each is a "Jones Act seaman."  Their petitions do not identify their employer, the work they were performing, or any facts to even suggest that Shell was somehow their Jones Act employer.  By alleging generally that Shell (and the other defendants) were "negligent and negligent per se" in the operations of a drillship exploring for minerals on the Outer Continental Shelf, their claims fall squarely under the jurisdiction

of OCSLA under Fifth Circuit caselaw. *See AmClyde*, 448 F.3d at 768. As a result, the motion to remand should be denied.

## Conclusion

The Plaintiffs' motion to remand is based on faulty legal principles of a "situs" requirement for OCSLA jurisdiction and conclusory Jones Act allegations being immune to removal. With Fifth Circuit caselaw amply supporting that OCSLA jurisdiction exists in this case, when the Plaintiffs' alleged injuries would not have occurred but for the development of minerals on the OCS, and conclusory Jones Act allegations being insufficient to support a motion to remand of those claims, the Court should deny the Plaintiffs' motion.

Respectfully submitted,

LISKOW & LEWIS

*/s/ Michael A. Golemi*
Michael A. Golemi
Attorney in Charge
State Bar No. 24047536
Fed. ID No. 559843
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: magolemi@liskow.com
**ATTORNEY FOR SHELL
OFFSHORE INC. and SHELL OIL
COMPANY**

**OF COUNSEL:**

LISKOW & LEWIS

Jody M. Schisel-Meslin
State Bar No. 24110336
Fed. ID No. 3356221
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908
E-mail: jmschisel-meslin@liskow.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 30, 2021, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system with notice being sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Michael A. Golemi*
Michael A. Golemi